# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TODD FEEHLEY, THERESA LANDSMAN, ROBERT COWDEN, and LACHELLE BRADLEY | * * * * | |
| v. | * * | Civil No. CCB-17-2591 |
| SABATINO'S, INC. and VINCENT CULOTTA | * * * | |

## MEMORANDUM

Plaintiffs Todd Feehley ("Feehley"), Theresa Landsman ("Landsman"), Robert Cowden ("Cowden"), and Lachelle Bradley ("Bradley") (collectively, "plaintiffs"), on behalf of themselves and those similarly situated, bring this suit against their current or former employer, Sabatino's Inc., and its owner/operator, Vincent Culotta. Plaintiffs allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et. seq.*, and the Maryland Wage and Hour Law, MD. ANN. CODE, LAB. & EMPL. § 3-401 *et. seq.* Plaintiffs have filed a motion to conditionally certify a collective action pursuant to the FLSA. ECF No. 21. Specifically, plaintiffs seek to conditionally certify "all servers from the three year period preceding the filing of this lawsuit (September 7, 2017) through the date that this Motion is granted, who have worked for Defendants [at] "Sabatino's Restaurant" in the Little Italy neighborhood of Baltimore City, Maryland and received wages of less than $7.25/hour." ECF No. 21, p. 5. The parties have fully briefed the motion, and no oral argument is necessary. *See* Local R. 105.6. For the reasons set forth below, plaintiffs' motion will be granted.

1

## BACKGROUND

Defendant Sabatino's, Inc. ("Sabatino's") is a Maryland corporation that owns and operates "Sabatino's Italian Restaurant" (the "Restaurant") in the Little Italy neighborhood of Baltimore. ECF No. 1, ¶ 6. Defendant Vincent Culotta ("Culotta") is the part-owner and operator of Sabatino's. *Id.* Plaintiffs were all previously employed as tipped employees at the Restaurant. *Id.* at ¶ 15; ECF No. 24, p. 1. Feehley and Cowden were bussers at the Restaurant, and Landsman and Bradley were servers at the Restaurant.[1] ECF No. 1, ¶ 15; ECF No. 24, p. 1. Relevant to this motion, plaintiffs, specifically Landsman and Bradley, allege they, and similarly situated servers, were not provided with tip credit information and had tips withheld for business losses by the defendants in violation of the FLSA.

During the relevant period, the Restaurant paid its servers $3.13 per hour,[2] or $7.26 per overtime hour,[3] and took a credit of $.50 per hour for meals, whether or not the server ate any food. ECF No. 21-1, ¶ 2. The rest of the servers' hourly minimum wage consisted of tips left voluntarily by customers. ECF No. 24-1, ¶ 5. Landsman and Bradley both testify in their affidavits that the Restaurant never informed them or other similarly situated servers that the Restaurant was taking a tip credit against the minimum wage based on the tips they received from customers. ECF No. 21-1, ¶ 5; ECF No. 21-3, ¶ 4.

Plaintiffs also allege the Restaurant did not allow plaintiffs to retain all of the tips they received from customers because the Restaurant enforced a policy of requiring servers to pay for business losses, such as customer walkouts, server ordering errors, and billing errors, out of their

---

[1] Landsman worked at the Restaurant from 2005 to 2018, and Bradley worked at the Restaurant from 2009 to 2016. ECF No. 21-1, ¶ 2, ECF No. 21-3, ¶ 2.
[2] Defendants allege they paid their servers $3.63 per hour. ECF No. 24-1, ¶ 5.
[3] Landsman and Bradley both allege they periodically worked more than forty hours per week. ECF No. 21-1, ¶ 3; ECF No. 21-2; ECF No. 21-3, ¶ 2.

tips. ECF No. 21-1, ¶ 4; 21-3, ¶ 3. Specifically, Landsman testified she was required to pay unpaid checks from customer walkouts out of her tips 2-3 times per year. ECF No. 21-1, ¶ 4. She also testified she and another waitress were once required to pay approximately $180.00 out of their tips while working a private party because two appetizer platters had been left off the bill by mistake. ECF No. 21-1, ¶ 4. Along with general allegations, Bradley similarly testified she was once required to pay over $50.00 out of her tips because of a customer walk-out in 2015. ECF No. 21-3, ¶ 3. They both testify that the Restaurant never informed them that tipped employees have the right to retain their tips except for a valid tip pooling arrangement. ECF No. 21-1, ¶ 6; 21-3, ¶ 5.

Plaintiffs, on behalf of themselves and those similarly situated, filed their complaint in this court on September 7, 2017, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA") and the Maryland Wage and Hour Law ("MWHL") against Sabatino's and Culotta. ECF No. 1. On April 3, 2018, Plaintiffs filed their motion for conditional certification and court-facilitated notice. ECF No. 21.

**STANDARD**

The FLSA allows plaintiffs to maintain a collective action against their employer for violations of the Act. 29 U.S.C. § 216(b); *Quinteros v. Sparkle Cleaning*, 532 F. Supp. 2d. 762, 771 (D. Md. 2008). Specifically, 29 U.S.C. § 216(b) states,

> An action to recover the liability prescribed [by the FLSA] may be maintained against any employer…by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

3

Whether to certify a collective action is a decision within the discretion of the district court and should be made with consideration given to the remedial purposes of the FLSA. *Quinteros*, 532 F. Supp. 2d at 771.

District courts generally use a two-step process to decide whether to certify a collective action. *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012) (citation omitted). At the first stage, the notice stage, "the court makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to putative class members would be appropriate." *Id.* (citation and internal quotation marks omitted). At the second stage, the decertification stage, the court "conducts a more stringent inquiry to determine whether the plaintiffs are in fact similarly situated as required by § 216(b)." *Id.* (citation and internal quotation marks omitted). The determination at the second stage is made at the conclusion of discovery and before trial. *Id.*

Plaintiffs' current motion pertains only to the first stage of conditional certification. ECF No. 21. At this stage, "plaintiffs need only make a relatively modest factual showing" that the proposed class is similarly situated. *Butler*, 876 F. Supp. 2d at 566 (citation and internal quotation marks omitted). In fact, courts generally only require "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Randolph v. PowerComm Constr., Inc.*, 7 F. Supp. 3d 561, 576 (D. Md. 2014) (citations and internal quotations marks omitted). More than "vague allegations with meager factual support" are required, but the allegations "need not enable the court to reach a conclusive determination whether a class of similarly situated plaintiffs exist." *Id.* (citation and internal quotation marks omitted).

4

## ANALYSIS

### I. Conditional Certification under the FLSA

The FLSA "establishes a minimum wage and overtime compensation for each hour worked in excess of 40 hours in each workweek for many employees." *Perez v. Mortg. Bankers Ass'n*, _ U.S. _, 135 S. Ct. 1199, 1204 (2015) (citation and internal quotation marks omitted). The current minimum wage under the FLSA is $7.25 an hour, and overtime compensation must be paid "at a rate not less than one and half times" the employee's regular rate. 29 U.S.C. §§ 206, 207. In the case of tipped employees, an employer may take a tip credit against the full federal minimum wage if the employer complies with the tip credit notification provisions of the FLSA. 29 U.S.C. § 203(m). Additionally, employees have the right to retain all of their tips under the FLSA unless there is a valid tip pooling arrangement. 29 U.S.C. § 203(m)(2)(B).

In this case, plaintiffs allege defendants engaged in two common FLSA violations against servers. First, plaintiffs allege defendants failed to inform all servers that defendants were taking a tip credit against the minimum wage for both minimum wage and overtime compensation purposes in violation of the tip credit notification provisions of 29 U.S.C. § 203(m). ECF No. 1, ¶ 31. Second, plaintiffs allege defendants maintained a common policy of requiring servers to pay for business losses directly from their tips, in violation of the FLSA provision requiring that tipped employees retain all of their tips outside of a valid tip pooling arrangement. *Id.*; 29 U.S.C. § 203(m)(2)(B).

As evidence of defendants' common failure to comply with the FLSA's tip credit notification provisions, two individual plaintiffs submitted affidavits testifying they were paid less than minimum wage and less than required overtime compensation, with one plaintiff attaching earning statements evidencing overtime hours. ECF No. 21-1, ¶¶ 2-3, 5, 7; ECF No.

21-2; ECF No. 21-3, ¶¶ 2, 4, 6. Defendants admit they took a tip credit against the minimum wage for all servers, but defendants contend they informed servers of the tip credit. ECF No. 24-1, ¶¶ 5-6. At this stage, however, "[c]ourts do not require proof of an actual FLSA violation, but rather that a factual nexus exists between the plaintiff's situation and the situation of other potential plaintiffs." *Shaver v. Gills Eldersburg, Inc.*, No. ELH-14-3977, 2015 WL 5897463, at *7 (D. Md. Oct. 6, 2015) (citation and internal quotation marks omitted). Moreover, the fact that defendants dispute plaintiffs' allegations "does not mean that plaintiffs have failed to establish a colorable basis for their claim that a class of similarly situated plaintiffs exist." *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 280 (D. Minn. 1992). Accordingly, it is reasonable to conclude that all servers were subject to a common payment policy under which they all received the same information regarding their wages, especially in light of defendants' admission that all servers earned the same wage. As two individual plaintiffs allege under oath that they never received tip credit information, plaintiffs have met their modest burden of preliminarily showing all servers are similarly situated as to the alleged tip credit violation of the FLSA.

Plaintiffs also submit affidavit evidence of defendants' alleged common policy of requiring servers to pay for business losses out of their tips. ECF No. 21-1, ¶ 4; 21-3, ¶ 3. Plaintiffs have satisfied their minimal evidentiary burden because both affidavits submitted described separate, specific instances in which plaintiffs, as servers, were subjected to this policy. *Id.*; *see, e.g. Bouthner v. Cleveland Constr., Inc.*, No. RDB-11-0244, 2012 WL 738578, at *5 (D. Md. March 5, 2012) (declining conditional certification because plaintiffs failed to "provide [any] supporting evidence for their allegations"). Additionally, one affidavit recited facts about another server who was subjected to this policy. ECF No. 21-1, ¶ 4. Although defendants again dispute plaintiffs' allegations, this court concludes plaintiffs have made a

preliminary showing that all servers are similarly situated as to defendants' violation of the FLSA provision giving tipped employees the right to retain their tips. ECF No. 24-1, ¶¶ 8-11.

The class at issue is also appropriate for conditional certification and court-facilitated notice for efficiency and remedial reasons. There are a large number of similarly situated servers because of staff turnover at the Restaurant, many of whom have no contact with plaintiffs; the amount of the unpaid wages may not be high enough to incentivize individual servers to bring individual claims; and there are unlikely to be individualized factual and legal issues among the servers. ECF No. 21, p. 12-13. *Cf. Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 688-90 (D. Md. 2010) (finding class certification inappropriate where "an unmanageable assortment of individualized factual inquiries" would arise); *Mancia v. Mayflower Textile Servs. Co.*, No. CCB-08-273, 2008 WL 4735344, at *3 (D. Md. Oct. 14, 2008) (considering large number of workers relevant to conditional certification). Accordingly, conditional certification of this class of servers would advance both judicial efficiency and the remedial purposes of the FLSA. *See Syrja*, 756 F. Supp. 2d at 690 (stating a class of "employees who all work in a single location, in similar positions, under a single management structure" would be appropriate for conditional certification for efficiency reasons). Thus, this court will conditionally certify the proposed class.[4]

---

[4] Defendants also request the court limit the class to servers who worked at the Restaurant through January 20, 2018 because "Landsman left on January 20, 2018 and neither Landsman nor Bradley make any factual showing regarding knowledge of policies to which servers have been subjected since January 20, 2018." ECF No. 24, p. 8. It is reasonable, however, to conclude that all servers at the Restaurant, including those who have worked there through the date of this Memorandum, have been subjected to the same common tip credit and business loss policies. *See Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 352 (S.D.N.Y. 2017) (finding a temporal gap between plaintiffs' employment and employment period of other class members was not a bar to certification). Accordingly, the issue of narrowing the proposed collective is best left to the second stage of the certification process. *Shaver v. Gills Eldersburg, Inc.*, No. ELH-14-3977, 2015 WL 5897463, at *9 (D. Md. Oct. 6, 2015) (declining to narrow a

## II. Form and Manner of Court-Facilitated Notice

Plaintiffs have submitted a proposed notice form, to which defendants raise various objections. ECF No. 21-4; ECF No. 24, p. 8-10. The parties request time to confer following the grant of conditional certification so that they may submit an agreed-upon notice. ECF No. 24, p. 9; ECF No. 27, p. 8. Accordingly, the parties shall confer and submit an agreed-upon notice within 14 days of this Memorandum.

## CONCLUSION

For the aforementioned reasons, plaintiffs' motion (ECF No. 21) is granted as to conditional certification. This court will conditionally certify the proposed class of all servers from the three year period preceding the filing of this lawsuit (September 7, 2017) through the date of this Memorandum, who have worked for defendants at "Sabatino's Italian Restaurant" in the Little Italy neighborhood of Baltimore City, Maryland and received wages of less than $7.25/hour. The parties shall confer and submit an agreed-upon notice and plan for notification within 14 days. A separate order follows.

6/13/18
Date

Catherine C. Blake
United States District Judge

---

conditionally certified collective in part because "[d]efendants will have a second opportunity to limit the collective in the 'decertification' stage..." ).

8