# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into this ___ day of March, 2019, by and between Plaintiffs, Julie Bittner, Lachelle Bradley, Anthony Clements, Robert L. Cowden, Jr., Candice Drury, Todd Feehley, Theresa Landsman, Patricia Seglinski, Keli Tew, Tina White, and Patti Vucci (collectively "Plaintiffs"), and Defendants, Sabatino's, Inc., and Vincent Culotta (collectively, "Defendants" or "Sabatino's"). Plaintiffs and the Defendants are collectively referred to as the "Parties."

**WHEREAS**, Plaintiffs were employees at Sabatino's who contend that they were owed unpaid minimum and/or overtime wages;

**WHEREAS**, Plaintiffs have pending against Defendants an action in the United States District Court for the District of Maryland, captioned *Feehley, et al. v. Sabatino's, Inc., et al.*, TJS-17-02591 ("Lawsuit"), alleging unpaid minimum and/or overtime wages under the Fair Labor Standards Act (FLSA), along with state supplemental claims;

**WHEREAS**, Defendants have denied any and all allegations of wrongdoing asserted by Plaintiffs; and

**WHEREAS**, the Parties collectively desire to settle, fully and finally, all differences between them arising from or in any way relating to the Parties' employment and working relationship with each other or termination thereof;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1. **CONSIDERATION.** In consideration of each Plaintiffs' decision to enter into and execute this Agreement, Defendants shall agree to pay Plaintiffs, collectively and through their counsel, up to the total sum of One Hundred Forty Five Thousand Nine Hundred and Twenty Seven Dollars ($145,927.00 USD), to settle all claims involving Plaintiffs' Lawsuit, including but not limited to, claims for unpaid wages, improper deductions, travel and other expenses, statutory/liquidated damages, and attorneys' fees and costs.

2. **PAYMENTS.** Defendants agree to pay up to the above settlement amount subject to the following terms and payable as follows:

    a. Within fifteen (15) business days of approval of this Settlement Agreement by the U.S. District Court, Sabatino's agrees to pay to a Plaintiff who executes this Agreement and does not revoke within the period described below the sums payable in the following manner and in the amounts per Plaintiff as set forth in Exhibit A to this Agreement and incorporated herein by reference, up to the total sum of Ninety-Seven Thousand Two Hundred Eighty-Five U.S. Dollars and 90 Cents ($97,285.90 USD).

b. As additional consideration for each Plaintiffs' execution of this Settlement Agreement, Defendants agree to pay, within fifteen (15) business days of approval of this Settlement Agreement by the U.S. District Court, the attorneys' fees and costs incurred by Plaintiffs' counsel in representing Plaintiffs with respect to this Lawsuit. Defendants agree to pay to Plaintiffs' counsel the total sum of $48,641.13, in two checks, one check payable to Hoffman Employment Law, LLC in the amount of $17,590.13, and a second check payable to Bradford W. Warbasse, Esq. in the amount of $31,050.97, in full settlement of all attorneys' fees, costs, and expenses arising out of this case (to include all those fees and costs and expenses incurred by Plaintiffs' experts and any co-counsel). Plaintiffs' counsel shall provide Defendants' counsel, prior to payment of the attorneys' fees and costs, an executed IRS Form W-9 so that Defendants may issue them an IRS Form 1099 reflecting this payment.

c. Each Plaintiff who executes this Agreement will receive income payments in two forms, as W-2 income and as 1099 income. The first form of payment, listed under Column A titled "Minimum Wage and/or Overtime Payment", shall be paid subject to all lawful taxes and withholdings. including all applicable employment taxes, including Federal, state and local income tax withholding and employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and tax identification or social security number on an IRS Form W-2. The second form of payment, listed under Column B titled "Payment for Liquidated/Statutory Damages" shall be paid without any tax withholdings and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099, box 3. Each Plaintiff agrees that he or she is responsible for payment of any and all taxes for income listed on the Form 1099.

d. Attorneys' fees and costs paid pursuant to this Settlement Agreement to Plaintiffs' counsel shall be paid without withholding and shall be reported to the IRS under the Federal Employer Identification Numbers, on an IRS Form 1099, box 14, for Hoffman Employment Law, LLC or Bradford W. Warbasse, Esq., as applicable, for the year in which it was paid.

e. So that Sabatino's issue a IRS Forms W-2, 1099 for 2019 reflecting all payments made under this Settlement Agreement, Hoffman Employment Law, LLC, Bradford W. Warbasse, Esquire and each of the Plaintiffs shall provide Defendants' counsel, at the time that each Plaintiff executes this Settlement Agreement, a completed IRS Form W-9, which shall accurately provide their U.S. taxpayer identification numbers.

f. Defendants shall be responsible for timely reporting to all proper tax authorities all payments made pursuant to this Settlement Agreement, and

    timely remitting to all proper tax authorities all payroll taxes and non-resident alien withholdings deducted pursuant to this Settlement Agreement, including employer portion of payroll taxes on W-2 wages (it being the intent of the Parties and this Settlement Agreement that all payroll taxes deducted from Plaintiff's unpaid wages shall be paid and remitted to tax authorities, as required by law), and shall timely provide each Plaintiff an IRS Form W-2 and IRS Form 1099 (or IRS Form 1042-S, as the case may be) representing each Plaintiff's respective payments and proof of same shall be provided to Plaintiffs' counsel upon reasonable notice.

  g. All payments made pursuant to this Paragraph 2(a) & 2(b) shall be delivered to Plaintiff's counsel, Bradford W. Warbasse, Esq., 401 Washington Avenue, Suite 200, Towson, Maryland 21204, via certified mail, overnight mail or hand-delivery, so that they are received by Warbasse on or before the day in which the payment is due (unless the day is a weekend or holiday, in which case payment must be received on the first business day following the day in which the installment is due). Plaintiffs' counsel shall distribute to Plaintiffs the payments made pursuant to sub-paragraph 2(a) without fee, deduction, charge, or cost to any of the Plaintiffs.

  3. **PLAINTIFFS' ADMISSION**: Plaintiffs admit and agree that Defendants have paid all sums earned by and owed to them, including, but not limited to, all salary, tips, bonuses, wages (including minimum wages), commissions, overtime, business expenses, allowances, vacation pay, holiday pay, sick pay and any and all other wages, compensation, benefits and prerequisites as a result of their employment with any Defendant and/or their separation from employment, and further acknowledge that the payments under this paragraph 2 are in full payment of anything of value to which they would be entitled under any policy, plan or procedure of Defendants. Plaintiffs also expressly waive any right or claim that they may have or may assert to employment or reinstatement to employment, or to payment for salary, wages, back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, accrued personal days, medical, dental, optical or hospitalization benefits, pension plan contributions, thrift savings plan contributions or benefits, education benefits, life insurance benefits, overtime, compensatory time, outplacement, severance pay, attorneys' fees, disbursements and/or costs.

  4. **APPROVAL BY COURT / DISMISSAL WITH PREJUDICE** On or before March 11, 2019, Plaintiffs' counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement and dismiss this case with prejudice (the "Motion"). The Motion shall attach a copy of this Agreement and shall request that the Court approve this Agreement and otherwise retain jurisdiction over this case until all payments are made.

  If the Agreement has not been signed by all of the Plaintiffs when it is filed with the Motion, the Court may still approve the Agreement and grant the Motion with respect to each Plaintiff who has

signed the Agreement, and provide each Plaintiff who has not signed the Agreement with 21 days from the date the Motion was filed by Plaintiffs' counsel in which to sign and file their signature page with the Court at which point the Agreement will automatically become fully effective with respect to each such Plaintiff, including all payments provided by Sections 1 and 2 of the Agreement. If any Plaintiff fails to sign or file the Agreement with the Court within that 21 day period, such Plaintiff shall forfeit all right to receive any payments under Sections 1 or 2 of the Agreement and all claims shall be dismissed with prejudice.

The Parties agree that the Court shall have continuing jurisdiction to enforce the terms of this Settlement Agreement, resolve any disputes arising out of the Settlement Agreement, and supervise all payments by the Defendants of all consideration to the Plaintiffs and Plaintiffs' counsel for thirty (30) days following the dismissal of this Lawsuit by the Court. The Parties agree that this Agreement is contingent upon the U.S. District Court for the District of Maryland's approval of all the material terms of the Agreement and the granting of the Motion, and should the U.S. District Court for the District of Maryland not approve all the material terms of this Agreement, the Agreement will be null and void and no legal effect. No party shall have the right to appeal any decision, order, or judgment entered in this Lawsuit granting the Motion or dismissing this case.

5.  **FULL AND FINAL RELEASE.**  Except for Defendants' obligations under this Agreement, in consideration for the payments being provided to Plaintiffs by Defendants, Plaintiffs, individually and collectively, for themselves, and for their respective attorneys, heirs, beneficiaries, executors, administrators, successors and assigns, fully, finally and forever waive, release and discharge the Defendants, individually, collectively, or in any combination, including, as applicable, all Defendants' heirs, beneficiaries, executors, administrators, parent, subsidiary and/or any alleged affiliated companies or companies alleged to form a single enterprise or joint employer, as well as their successors, assigns, officers, directors, shareholders, owners, managers, supervisors and members, agents, representatives, attorneys, insurers and employees (all of whom are referred to throughout this Agreement as "the Releasees"), from and of all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement. Without limiting the generality of the foregoing, specifically included in this waiver and release of Releasees are, among other things, any and all claims of alleged retaliation, either relating to employment or as a result of the cessation of Plaintiffs' alleged employment or otherwise, any and all claims alleging wrongful termination, failure to pay wages (including the minimum wage), improper deductions, failure to pay or reimburse for expenses, failure to pay overtime, retaliatory discharge, discrimination, harassment or retaliation in employment on the basis of race, color, sex, religion, national origin, age, disability, handicap, marital status, or any other category protected by applicable federal, state or local law, and/or the violation of any rights under: the ADEA; Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1866 and 1871; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Fair Labor Standards Act; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Maryland Wage and Hour Law; and the Maryland Wage Payment Collection Law; or any other federal, state or local laws or regulations prohibiting

employment discrimination or regulating employment, the payment of wages or the termination of employment in any way, negligent or intentional infliction of emotional distress, breach of contract, tortious conduct, fraud, or any other unlawful behavior, the existence of which is specifically denied by the Defendants. This Agreement does not bar either party from bringing an action to enforce the terms of this Agreement in the event of a breach and/or default.

    a.    This Release further includes any and all claims for damages, penalties, attorneys' fees or costs relating to or in any way connected with the matters referred to herein, whether or not now known or suspected to exist, and whether or not specifically or particularly described or referred to herein.

    b.    Plaintiffs expressly waive any right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

    c.    Plaintiffs represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, whether known or unknown, or any portion thereof or interest therein, which he had, has or may have against Releasees.

**6.   RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION**: Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement, including, but not limited to, the Full and Final Release, is intended to, or will, preclude Plaintiffs from filing any charge or complaint with any government agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Defendants from defending against same. The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement. However, by signing this agreement, Plaintiffs agree and acknowledges that they are waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief. The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Plaintiffs are entitled regarding anything occurring on or before the date on which they sign this Agreement, including anything regarding their alleged employment with the Defendants and/or the termination of that relationship.

**7.   NO OTHER CLAIMS.** Plaintiffs represent and warrant that Plaintiffs have not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Defendants (or any Releasee) with any court other than the Lawsuit, and Plaintiffs hereby promise that Plaintiffs will not file, or assign to others the right to file, or make any further claims against the Defendants and/or any of the Releasees, on behalf of himself or others, at any time for

actions taken up to and including the date Plaintiffs execute this Agreement. Plaintiffs waive all collective and/or class allegations and withdraw, and if filed, agree to dismiss same with prejudice, and neither Plaintiffs, nor any of their attorneys, shall amend this lawsuit or otherwise file additional pleadings, motions or papers, other than those pleadings, motions and/or papers necessary to seek approval of this Agreement or engage in enforcement proceedings.

8. **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.** This Agreement shall not be construed as an admission by the Defendants of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants expressly deny any intent, willingness, or plan to violate any provision of the FLSA, MWHL, MWPCL or any other statute. Defendants do not admit, and specifically deny, any liability to Plaintiffs, and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and that Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation.

The Parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind have been made by any court of law or administrative agency. The Parties agree that there has been no determination or admission that the Plaintiffs meet the requisites to maintain a collective action under the FLSA, or a class action. This Settlement Agreement shall not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Settlement Agreement or an effort to enforce this Settlement Agreement.

9. **GOVERNING LAW/VENUE.** This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws rules and principles thereof. The Parties agree that this Agreement is made within Baltimore City, Maryland, and for venue shall be within Baltimore City, Maryland for purposes of resolving any and all disputes under this Agreement, other than the failure of Defendants to make payments under paragraph 2, which may be enforced in the United States District Court for the District of Maryland.

10. **SOLE AND ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between the Parties. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void.

11. **NO OTHER PROMISES.** Plaintiffs affirm that the only consideration for Plaintiffs signing this Agreement is that set forth in Paragraphs 1 and 2 and that no other promise or agreement of any kind has been made to or with Plaintiffs by any person or entity to persuade or cause Plaintiffs to execute this document, and that Plaintiffs fully understand the meaning and intent of this Agreement, including but not limited to, its final and binding effect.

12. **RIGHT TO REPRESENTATION, TIME LIMITS AND REVOCATION PERIOD.** Each Plaintiff, in receiving a copy of this Agreement, acknowledges that he or she is represented by Hoffman Employment Law, LLC and Bradford W. Warbasse, Esq, has been advised in writing to seek the advice of their attorneys before signing this Agreement, have had adequate opportunity to so consult and has so consulted. Each Plaintiff may consider this Agreement for twenty-one (21) days from the date they receive this Agreement. If a Plaintiff

elects to sign this Agreement in less than twenty-one (21) days, then they are waiving their right to consider this Agreement for up to twenty-one (21) days. A Plaintiff shall also have the right to revoke this Agreement at any time within seven (7) days after the date they have signed it. To revoke the Agreement, a Plaintiff must cause a signed copy of this Agreement, marked "Revoked," to be delivered to Christine Pham, Rosenberg Martin Greenberg, LLP, 25 S. Charles Street, 21st Floor, Baltimore, Maryland 21201, before the end of the seven-day period. The date of signing, as indicated next to a Plaintiff's signature, will mark the beginning of the seven-day revocation period. This Agreement will become effective on the 8th day after each Plaintiff signs it, provided that it has not been revoked before that day, and, provided further, that the Court approves this Agreement in full and dismisses this case. Each Plaintiff acknowledges that should he or she exercise his or her right to revoke provided under this Section 12, doing so shall render all, and no less than all, of the Agreement's provisions null and void as to that Plaintiff

13. **LEGALLY BINDING AGREEMENT.** Plaintiffs understand and acknowledge that upon Court approval of this Agreement (a) that this is a legally binding release; (b) that by signing this Agreement, Plaintiffs are hereafter barred from instituting claims against any of the Releasees in the manner and to the extent set forth in Paragraph 5 and Paragraph 6 above; and (c) that this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiffs, and their respective heirs, beneficiaries, attorneys, administrators, representatives, executors, successors and assigns.

14. **CONSTRUCTION.** This Agreement was jointly prepared by the Parties and any uncertainty and ambiguity shall not be interpreted against any one party.

15. **HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

16. **AGREEMENT IS KNOWING AND VOLUNTARY.** Plaintiffs further represent and acknowledge that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation shall only apply to the Agreement and shall be binding upon the parties. Plaintiffs represent and warrant that they have fully discussed this Agreement with their attorneys, have consulted with a translator of their choosing, if a Plaintiff deems translation to be necessary and/or desirable, and that all terms are understood and that the execution of this Agreement is completely voluntary.

17. **ELECTRONIC SIGNATURES/COUNTER-PARTS**. Defendants and Plaintiffs agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, et seq.

**PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

| Date: 3/8/19 | For: Sabatino's, Inc. <br> By: *(signature)* <br> Name: Vincent Culotta <br> Title: President |
|---|---|
| Date: 3/8/19 | *(signature)* <br> Vincent Culotta, individually |
| Date: | Plaintiff _____ (print name) <br> Current Street Address: _____ <br> City/State/County/Zip Code _____ |

4836-9572-1549, v. 1

**PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

| Date: | For: Sabatino's, Inc. |
| --- | --- |
| | By: _____ |
| | Name: Vincent Culotta |
| | Title: President |
| Date: | _____ |
| | Vincent Culotta, individually |
| Date: 3/08/19 | _LaChelle Bradley_ |
| | Plaintiff LaChelle Bradley (print name) |
| | Current Street Address: 6504 Colgate Ave |
| | City/State/County/Zip Code: Baltimore MD 21222 |

4836-9572-1549, v. 1

8

PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

| Date: | For: Sabatino's, Inc.<br>By: _____<br>Name: Vincent Culotta<br>Title: President |
|---|---|
| Date: | _____<br>Vincent Culotta, individually |
| Date: | _Robert Lee Cowden JR_<br>Plaintiff _____ (print name)<br>Current Street Address: _916 Lemmon ST_<br>City/State/County/Zip Code _Balto. Md. 21223_ |

4836-9572-1549, v. 1

8

**PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

| Date: | For: Sabatino's, Inc.<br><br>By: _____<br>    Name: Vincent Culotta<br>    Title: President |
|---|---|
| Date: | _____<br>Vincent Culotta, individually |
| Date: 3-7-2019 | *Anthony Clements* (signature)<br>Plaintiff Anthony Clements (print name)<br>Current Street Address: 6600 Cleveland Ave<br>City/State/County/Zip Apt #4<br>Code Dundalk MD 21222 |

4836-9572-1549, v. 1

8

**PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

| Date: [scribbled] | For: Sabatino's, Inc. <br> By: _____ <br> Name: Vincent Culotta <br> Title: President |
|---|---|
| Date: | Vincent Culotta, individually |
| Date: 3/5/19 | Plaintiff _Candice Drury_ (print name) <br> Current Street Address: 19 Yorkway <br> City/State/County/Zip Code _Dundalk MD 21222_ |

4836-9572-1549, v. 1

8

**PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

| Date: | For:  Sabatino's, Inc.<br>By: _____<br>Name: Vincent Culotta<br>Title: President |
|---|---|
| Date: | _____<br>Vincent Culotta, individually |
| Date: 3/8/2019 | *Todd Feehley*<br>Plaintiff TODD FEEHLEY (print name)<br>Current Street Address: 761 WEST HAMBURG<br>City/State/County/Zip Code 21230 |

4836-9572-1549, v. 1

8

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

| Date: | For: Sabatino's, Inc. <br><br>By: _____ <br>Name: Vincent Culotta <br>Title: President |
|---|---|
| Date: | _____ <br>Vincent Culotta, individually |
| Date: 3/08/19 | *[signature]* <br>Plaintiff  Theresa Landsman (print name) <br>Current Street Address: 3702 Claremont St <br>City/State/County/Zip Code: Baltimore, MD. 21224 |

4836-9572-1549, v. 1

8

**PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

| Date: | For: Sabatino's, Inc. <br> By: _____ <br> Name: Vincent Culotta <br> Title: President |
|---|---|
| Date: | _____ <br> Vincent Culotta, individually |
| Date: 3/8/19 | *Patricia Seglinski* (signature) <br> Plaintiff Patricia Seglinski (print name) <br> Current Street Address: 607 S Grundy St <br> City/State/County/Zip Code: Balto, Md. 21224 |

4836-9572-1549, v. 1

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

| Date: | For: Sabatino's, Inc.<br><br>By: _____<br>Name: Vincent Culotta<br>Title:  President |
|---|---|
| Date: | _____<br>Vincent Culotta, individually |
| Date: | *[signature: Kely Tew]*<br>Plaintiff KELI TEW (print name)<br>Current Street Address: 600 martin Blvd apt 8<br>City/State/County/Zip Baltimore MD. 21220<br>Code _____ |

4836-9572-1549, v. 1

8

**PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

| Date: 3-7-19 | For: Sabatino's, Inc. <br> By: _____ <br> Name: Vincent Culotta <br> Title: President |
|---|---|
| Date: | _____ <br> Vincent Culotta, individually |
| Date: 3-7-19 | Tina White <br> Plaintiff Tina White (print name) <br> Current Street Address: 337 Joplin St <br> City/State/County/Zip Baltimore Md 21224 <br> Code |

4836-9572-1549, v. 1

8

## Exhibit A

| Plaintiff | Column A<br>Minimum Wage and/or Overtime Payment | Column B<br>Payment for Liquidated/Statutory Damages | Total Payments |
|---|---|---|---|
| Julie Bittner | $807.29 | $807.28 | $1,614.57 |
| Lachelle Bradley | $3,803.98 | $3,803.97 | $7,607.95 |
| Anthony Clements | $3,587.48 | $3,587.47 | $7,174.95 |
| Robert Cowden | $7,446.32 | $7,446.32 | $14,892.64 |
| Candice Drury | $1,536.81 | $1,536.80 | $3,073.61 |
| Todd Feehley | $7,172.47 | $7,172.46 | $14,344.93 |
| Theresa Landsman | $12,494.70 | $12,494.69 | $24,989.39 |
| Patricia Seglinski | $2,515.71 | $2,515.71 | $5,031.42 |
| Keli Tew | $5,321.61 | $5,321.61 | $10,643.22 |
| Patti Vucci | $2,898.52 | $2,898.52 | $5,797.04 |
| Tina White | $1,058.09 | $1,058.09 | $2,116.18 |
| Total | $48,642.98 | $48,642.92 | $97,285.90 |

4812-2443-7130, v. 1